<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| RAJESH DHARIA,<br><br>                Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA, *et al.*,<br><br>                Defendants. | Civil Action No. 24-5915 (SDW) (LDW)<br><br>**WHEREAS OPINION**<br><br>July 3, 2024 |

**WIGENTON**, District Judge.

    **THIS MATTER** having come before this Court upon *pro se* Plaintiff Rajesh Dharia's ("Plaintiff") Complaint (D.E. 1 ("Complaint")) filed on May 7, 2024, and this Court having *sua sponte* reviewed the Complaint for sufficiency pursuant to Federal Rule of Civil Procedure ("Rule") 12(h)(3); and

    **WHEREAS** it is difficult to make sense of the instant Complaint, but it seems to allege that the United States, the Federal Bureau of Investigation, and several American political figures—including former President George W. Bush, former Vice President Dick Cheney, and former Secretary of Defense Robert Gates—were involved in a bombing in Mumbai, India on July 11, 2006. (D.E. 1 at 1.) Plaintiff seeks relief in the following forms: the issuance of arrest warrants for John Doe, Jenny Doe, and an unnamed federal prosecutor; a default judgment against the United States; $1 septillion in damages; and an order for "America['s s]urrender totally and unconditionally to [him]." (*Id.* at 2); and

1

**WHEREAS** Plaintiff does not have standing to pursue this action, and even if he did, the action raises a nonjusticiable political question; and

**WHEREAS** Article III of the Constitution vests federal courts with the power of judicial review extending only to "Cases" and "Controversies."  U.S. CONST. art. III, § 2.  This "case-or-controversy requirement subsists through all stages of federal judicial proceedings, trial and appellate," and is enforced though "'several justiciability doctrines,' which 'include standing, ripeness, mootness, the political-question doctrine, and the prohibition on advisory opinions.'" *Keitel v. Mazurkiewicz*, 729 F.3d 278, 279–80 (3d Cir. 2013) (internal citations omitted).  Because these doctrines implicate a court's authority to decide a case, they may be raised *sua sponte*.  See *Kim v. Hanlon*, 99 F.4th 140, 153 (3d Cir. 2024); *Wayne Land & Min. Grp., LLC v. Del. River Basin Comm'n*, 959 F.3d 569, 573–74 (3d Cir. 2020); and

**WHEREAS** standing requires a plaintiff to demonstrate an "injury in fact, causation, and redressability." *Lance v. Coffman*, 549 U.S. 437, 439 (2007) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992)).  The Supreme Court has "consistently held that a plaintiff raising only a generally available grievance about government—claiming only harm to his and every citizen's interest in proper application of the Constitution and laws, and seeking relief that no more directly and tangibly benefits him than it does the public at large—does not state an Article III case or controversy." *Id.* (quoting *Lujan*, 504 U.S. at 573–74).  Here, Plaintiff challenges military action that was allegedly taken by the United States, or its political actors, in India in 2006.  Even accepting Plaintiff's recitation of the facts as true, as this Court must, the Complaint still fails to sufficiently explain his Article III standing.  *In re Schering Plough Corp. Intron/Temodar Consumer Class Action*, 678 F.3d 235, 243 (3d Cir. 2012) ("In evaluating whether a complaint adequately pleads the elements of standing, courts apply the standard of reviewing a complaint

pursuant to a Rule 12(b)(6) motion to dismiss for failure to state a claim: 'Court[s] must accept as true all material allegations set forth in the complaint, and must construe those facts in favor of the nonmoving party.'" (alteration in original) (quoting *Ballentine v. United States*, 486 U.S. 806, 810 (3d Cir. 2007)); and

**WHEREAS** "[t]he political question doctrine is a judicially created theory that limits the power of the federal courts to adjudicate certain types of claims." *In re Nazi Era Cases Against German Defendants Litig.*, 196 F. App'x 93, 97 (3d Cir. 2006). "[P]rimarily a function of the separation of powers," *id.* (quoting *Baker v. Carr*, 369 U.S. 186, 210 (1962)), the political question doctrine "dictates that courts will not adjudicate political questions reserved for the executive or legislative branches," *Rodriquez v. 32nd Legislature of V.I.*, 859 F.3d 199, 205–06 (3d Cir. 2017) (collecting cases). The Supreme Court has identified six factors, any one of which may indicate the presence of a nonjusticiable political question:

> (1) a textually demonstrable constitutional commitment of the issue to a coordinate political department; (2) or a lack of judicially discoverable and manageable standards for resolving it; (3) or the impossibility of deciding without an initial policy determination of a kind clearly for nonjudicial discretion; (4) or the impossibility of a court's undertaking independent resolution without expressing lack of the respect due coordinate branches of the government; (5) or an unusual need for unquestioning adherence to a political decision already made; (6) or the potentiality of embarrassment from multifarious pronouncements by various departments on one question.

*Harris v. Kellogg Brown & Root Servs., Inc.*, 724 F.3d 458, 465 (3d Cir. 2013) (quoting *Baker*, 369 U.S. at 217); and

**WHEREAS** even if the facts in the Complaint are true, the foreign policy decisions described therein are political—not judicial—and thus cannot be reviewed by this Court. *See, e.g.*, *El-Shifa Pharm. Indus. v. United States*, 607 F.3d 836, 842 (D.C. Cir. 2010) ("The political

3

question doctrine bars our review of claims that, regardless of how they are styled, call into question the prudence of political branches in matters of foreign policy or national security constitutionally committed to their discretion."); *Alperin v. Vatican Bank*, 410 F.3d 532, 560 (9th Cir. 2005) ("We are not a war crimes tribunal.  To act as such would require us to intrude unduly on certain policy choices and value judgments that are constitutionally committed to the political branches."  (cleaned up)).  As the Supreme Court explained in *Chicago & Southern Air Lines v. Waterman Steamship Corporation*,

> [s]uch decisions are wholly confided by our Constitution to the political department of the government, Executive and Legislative. They are delicate, complex, and involve large elements of prophecy. They are and should be undertaken only by those directly responsible to the people whose welfare they advance or imperil. They are decisions of a kind for which the Judiciary has neither aptitude, facilities nor responsibility and have long been held to belong in the domain of political power not subject to judicial intrusion or inquiry.

333 U.S. 103, 111–12 (1948).  That rationale applies with equal force here; therefore

The Complaint is *sua sponte* **DISMISSED WITHOUT PREJUDICE**.  An appropriate order follows.

              /s/ Susan D. Wigenton
              **SUSAN D. WIGENTON, U.S.D.J.**

Orig:  Clerk
cc:    Parties
       Leda D. Wettre, U.S.M.J.